UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVEN COLLAZO,

                              Plaintiff,

     v.                                             No. 06-CV-941
                                                      (NAM/DRH)

JAMES PAGANO, Food Service Manager,
Great Meadow Correctional Facility; DR.
EDMUNDO NUNEZ, Great Meadow
Correctional Facility Physician; and GARY
GREENE, Superintendent, Great Meadow
Correctional Facility,

                              Defendants.

---

**APPEARANCES:**

STEVEN COLLAZO
97-A-6812
Plaintiff Pro Se
Great Meadow Correctional Facility
Post Office Box 51
Comstock, New York 12821-0051

HON. ANDREW M. CUOMO
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**OF COUNSEL:**

BRUCE J. BOIVIN, ESQ.
Assistant Attorney General

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Steven Collazo ("Collazo"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, three DOCS employees, violated his constitutional

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the Eighth Amendment. Compl. (Docket No. 1). Presently pending is defendants' motion to vacate Collazo's in forma pauperis (IFP) status and to dismiss the complaint pursuant to 28 U.S.C. § 1915(g). Docket Nos. 22, 28. Collazo opposes the motion. Docket Nos. 27, 30. For the following reasons, it is recommended that defendants' motion be granted.

### I. Background

Collazo asserts that while he was incarcerated at Great Meadow Correctional Facility ("Great Meadow"), defendants violated his Eighth Amendment rights by failing to provide him with a special diet to combat the effects of his high cholesterol, high triglycerides, and diabetes. Comp., Pt. 2 at ¶ 1. Collazo was on medication for his triglycerides before arriving at Great Meadow and has taken them throughout the duration of the litigation. Id. at ¶ 2. "On or about January 22, 2003, [Collazo] was prescribed a therapeutic diet by defendant[s] . . . in conjunction with treatment for high cholesterol." Id. at ¶ 3. On September 15, 2003, defendant Pagano observed Collazo throw away his speical diet meal and Collazo was issued a misbehavior report for violating a direct order, wasting food, and being noncompliant with mess hall policies. Id. at ¶ 15. On September 17, 2003, defendants removed Collazo from the special diet list. Id. at ¶ 16. The following day, Collazo was found not guilty of wasting food and violating mess hall policy; however, he was found guilty of violating a direct order. Id. at ¶ 17.

In June 2004, Collazo had two blood tests performed which indicated that his "triglyceride and cholesterol levels were extreme and dangerously high." Id. at ¶ 6. These test results led to a prescription for another therapeutic diet, but "before [Collazo] was

2

informed that the treatment was commenced, . . . [he was] issued another misbehavior report on July 28, 2004 and informed . . . that [he] was being removed from the diet by letter dated July 29, 2004 . . . [because he] missed more than the three allotted meals in one week." Id. at ¶ 21. On August 2, 2004, another disciplinary hearing was held which resulted in a finding of not guilty because of the faulty communication among defendants. Id. at ¶ 22.

On or about October 20, 2004, Collazo was "reinstated to the special diet" on which he has remained without incident. Id. at ¶ 47. This action, which was commenced on July 31, 2006, followed. Compl. Collazo's application to proceed IFP was granted on September 22, 2006. Docket No. 4. Collazo has filed at least four federal civil rights actions in courts in this circuit. Boivin Aff. (Docket No. 22, Pt. 2) at ¶ 5. Collazo's lawsuits all appear to relate, in one fashion or another, to his incarceration in DOCS facilities.

## II. Discussion

Under 28 U.S.C. § 1915, a court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). "Indigent or otherwise disadvantaged litigants are afforded a certain degree of leeway in the . . . court system . . . ; [h]owever[,] the courts' generosity has its limits." Tafari v. Hues, 473 F.3d 440, 440 (2d Cir. 2007). Defendants seek to vacate the IFP order and dismissal of the complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous,

informed that the treatment was commenced, . . . [he was] issued another misbehavior report on July 28, 2004 and informed . . . that [he] was being removed from the diet by letter dated July 29, 2004 . . . [because he] missed more than the three allotted meals in one week." Id. at ¶ 21. On August 2, 2004, another disciplinary hearing was held which resulted in a finding of not guilty because of the faulty communication among defendants. Id. at ¶ 22.

On or about October 20, 2004, Collazo was "reinstated to the special diet" on which he has remained without incident. Id. at ¶ 47. This action, which was commenced on July 31, 2006, followed. Compl. Collazo's application to proceed IFP was granted on September 22, 2006. Docket No. 4. Collazo has filed at least four federal civil rights actions in courts in this circuit. Boivin Aff. (Docket No. 22, Pt. 2) at ¶ 5. Collazo's lawsuits all appear to relate, in one fashion or another, to his incarceration in DOCS facilities.

## II. Discussion

Under 28 U.S.C. § 1915, a court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . or appeal therein, without prepayment of fees . . . by a person who submits an affidavit . . . that the person is unable to pay such fees . . . ." 28 U.S.C. § 1915(a)(1). "Indigent or otherwise disadvantaged litigants are afforded a certain degree of leeway in the . . . court system . . . ; [h]owever[,] the courts' generosity has its limits." Tafari v. Hues, 473 F.3d 440, 440 (2d Cir. 2007). Defendants seek to vacate the IFP order and dismissal of the complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous,

malicious, or for failing to state a claim.  See 28 U.S.C. § 1915(g) (2006).[2]

These terms have subsequently been defined.  Frivolous claims "lack[] an arguable basis either in law or in fact."  Tafari, 473 F.3d at 442 (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  Malicious claims are filed with the intent to hurt or harm another.  Id. (citations omitted).  Lastly, the failure to state a claim uses a parallel definition from Fed. R. Civ. P. 12(b)(6); however, "it does not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will invariably fall afoul of the [§ 1915(g) standard]." Neitzke, 490 U.S.u at 326; see also Tafari, 473 F.3d at 442 (citations omitted).

Additionally, the "three-strikes" provision contains a narrow exception which permits suits notwithstanding prior dismissals when the prisoner is "under imminent danger of serious physical injury."  Id.  In deciding whether application of the exception is warranted, "a court must examine the available pleadings, construed in the light most favorable to the [prisoner] . . . ."  Gamble v. Maynard, No. 06-CV-1543 (DNH/DEP), 2008 WL 150364, at *4 (N.D.N.Y. Jan. 14, 2008) (citations omitted).  "This exception requires a showing that the prisoner was under such imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm."  Id. (citations omitted).  This harm must also be real and serious and "merely speculative or hypothetical" harms are insufficient.  Id. (citations omitted).

Here, Callazo has initiated at least two actions in the Eastern District of New York. Defendants identify these two actions and subsequent appeals as constituting strikes for

---

[2] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA") which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

4

the purposes of § 1915(g):[3] Collazo v. New York State Dist. Att'y of Kings County, No. 99-CV-3733 (NG), at 1 (E.D.N.Y. Oct. 18, 1999) (hereinafter Collazo I); Collazo v. New York State Dist. Att'yy of Kings County, No. 99-CV-350, at 1 (2d Cir. Apr. 10, 2000) (hereinafter Collazo II); Collazo v. New York State Dep't of Corr. Servs., No. 99-CV-3903 (NG), at 2-3 (E.D.N.Y. Aug. 2, 2001) (hereinafter Collazo III); Collazo v. New York State Dep't of Corr. Servs., 01-CV-229, at 2 (2d Cir. May 21, 2002) (hereinafter Collazo IV). Both cases and appeals were dismissed based upon proper § 1915(g) grounds.

Collazo I represented a frivolous complaint and was properly dismissed as it was against a party with absolute immunity from liability. See Collazo I at 1; see also Neitzke, 490 U.S. at 328 (citing Williams v. Goldsmith, 701 F.2d 603, 604 (7th Cir. 1983)(revoking plaintiff's IFP status under § 1915(g) on the basis of a frivolous lawsuit because all defendants had absolute immunity from suit)). Additionally, Collazo II was "denied, and the appeal . . . dismissed because it lack[ed] an arguable basis in law or fact." Collazo II at 1. As previously discussed, the definition of a frivolous claim is one lacking a basis in law or fact. Additionally, Collazo III was dismissed because it failed to state a claim against any of the three named defendants for any of the multiple alleged constitutional violations. Collazo III at 2-3. As discussed above, a 12(b)(6) motion to dismiss does not represent a per se finding of failure to state a claim; however, the opinion discusses at length that Collazo asserted nothing more than negligence "which [does not] become a constitutional violation merely because the victim is a prisoner." Id. Finally, Collazo IV affirmed Collazo III "for the reasons stated by Judge Gershon . . . ," including that Collazo failed to state a claim.

---

[3] Defendants have provided copies of the court decisions in their motion for dismissal. See Docket No. 22, Exs. A-E.

Collazo IV at 2. Therefore, Collazo has clearly received three strikes.

The question then becomes whether Collazo falls within the scope of the exception to the three-strike rule. Even construing the facts in a light most favorable to Collazo, a review of the complaint shows that he was not facing imminent danger at the time he filed his complaint. Collazo's repeated references to defendants precluding him from receiving his special dietary menu constitute a past harm, not one that he was currently experiencing. As of October 2004, two years prior to filomg the complaint, Collazo had been reinstated to the special diet regimen. In addition, he was receiving adequate medication and medical attention such that serious injury was not a valid concern.

Furthermore, dismissal is not precluded by the fact that Collazo has already been granted IFP status in this action. Docket No. 4. When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Therefore, it is recommended that the order granting IFP status to Collazo be vacated and that Collazo's complaint be dismissed unless he pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that defendants' motion (Docket Nos. 22, 28) be **GRANTED** and that:

1. The order granting Collazo's IFP status (Docket No. 4) be **VACATED**;

2. The complaint be **DISMISSED** as to all defendants and all claims <u>unless</u> Collazo pays the filing fee of $250.00 within thirty (30) days of the entry of a final order by the district court; and

3. Collazo be **BARRED** from filing any IFP complaints in this district unless he is under imminent danger of serious physical injury.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 31, 2008
Albany, New York

David R. Homer
United States Magistrate Judge