UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**STEVEN COLLAZO,**

                      **Plaintiff,**

      vs.                               **9:06-CV-941**

**JAMES PAGANO, Food Service Manager, Great Meadow
Correctional Facility; DR. EDMUNDO NUNEZ, Great
Meadow Correctional Facility Physician; and GARY
GREENE, Superintendent, Great Meadow Correctional
Facility,**

                      **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Steven Collazo
97-A-6812
Great Meadow Correctional Facility
PO Box 51
Comstock, NY 12821-0051
Plaintiff, *Pro Se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Bruce J. Boivin, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Defendants move (Dkt. No. 22) before United States Magistrate Judge David R. Homer for an order revoking plaintiff's *in forma pauperis* ("IFP") status and conditionally dismissing the complaint, subject to the timely payment of the filing fee. Magistrate Judge Homer issued a Report and Recommendation (Dkt. No. 31) recommending that the motion be granted, the order granting plaintiff's IFP status be vacated, and the complaint be dismissed unless plaintiff pays the

filing fee within 30 days of the filing of an order herein.  Magistrate Judge Homer further recommends that plaintiff be barred from filing any IFP complaints in the Northern District of New York unless he is under imminent danger of physical injury.  Magistrate Judge Homer's recommendations are based on his finding that three or more of plaintiff's prior actions have been dismissed as frivolous, malicious, or failing to state a claim.  *See* 28 U.S.C. § 1915(g).[1]

The Court accepts and adopts Magistrate Judge Homer's analysis and his conclusion that three or more of plaintiff's prior actions have been dismissed within the meaning of section 1915(g).  Plaintiff's IFP status is revoked and he is barred from filing any IFP complaints in the Northern District of New York unless he is under imminent danger of physical injury.

Within the time to file objections to the Report and Recommendation, as extended by this Court (Dkt. Nos. 32, 34), plaintiff paid the filing fee.  Thus, so much of Magistrate Judge Homer's Report and Recommendation as recommends conditional dismissal of the complaint unless plaintiff pays the filing fee within 30 days is moot.

It is therefore

ORDERED that the Report and Recommendation of United States Magistrate Judge David R. Homer (Dkt. No. 31) is rejected in part as moot, and is otherwise accepted and adopted as set forth herein; and it is further

ORDERED that defendants' motion (Dkt. No. 22) is denied in part as moot and is

---

[1] Section 1915(g), part of the Prisoner Litigation Reform Act, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

otherwise granted as set forth herein; and it is further

ORDERED that plaintiff's *in forma pauperis* status is revoked; and it is further

ORDERED that inasmuch as plaintiff has paid the filing fee, the case shall go forward and the pretrial scheduling order (Dkt. No. 19), which was stayed by order of Magistrate Judge Homer (Dkt. No. 25) during the pendency of this motion, shall be modified to provide as follows: the deadline for filing nondispositive motions is March 30, 2008; the deadline for discovery is August 30, 2008; the deadline for motions to compel is September 30, 2008; the deadline for dispositive motions is December 30, 2008; and in all other respects the pre-trial scheduling order remains in full force and effect; and it is further

ORDERED that plaintiff is barred from filing any *in forma pauperis* complaints in the Northern District of New York unless he is under imminent danger of physical injury.

IT IS SO ORDERED.

March 6, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge