UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
••••••••••••••••••••••••••••••••••••••••••••••••••••

**STEVEN COLLAZO,**

                            **Plaintiff,**

                  -v-                                        9:06-CV-941

**JAMES PAGANO, Food Service Manager, Great Meadow Correctional Facility; DR. EDMUNDO NUNEZ, Great Meadow Correctional Facility Physician; and GARY GREENE, Superintendent, Great Meadow Correctional Facility,**

                            **Defendants.**

••••••••••••••••••••••••••••••••••••••••••••••••••••

APPEARANCES:

Steven Collazo
97-A-6812
Great Meadow Correctional Facility
PO Box 51
Comstock, New York 12821-0051
Plaintiff, *pro se*

Hon. Andrew M. Cuomo, Attorney General of the State of New York
Bruce J. Boivin, Esq., Assistant Attorney General
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

The following matters are presently before the Court in this inmate lawsuit under 42 U.S.C. § 1983. Plaintiff moves for partial summary judgment (Dkt. No. 45), and defendants cross-move (Dkt. No. 54) for summary judgment. The motions were referred to United States Magistrate Judge David R. Homer pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c). Magistrate Judge Homer issued a Report and Recommendation (Dkt. No. 64) recommending that

this Court deny plaintiff's motion, grant defendants' cross motion, and dismiss the action. Plaintiff then moved (Dkt. Nos. 67, 68) to strike certain affidavits submitted in support of defendants' cross motion. Thereafter, plaintiff moved (Dkt. No. 73) for default judgment.

Plaintiff has submitted an objection to the Report and Recommendation (Dkt. No. 75). Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects. Where only general objections are filed, the Court reviews for clear error. *See Brown v. Peters*, 1997 WL 599355,*2-* 3 (N.D.N.Y.), *aff'd without op.*, 175 F.3d 1007 (2d Cir. 1999). Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993). Plaintiff here raises limited issues; nevertheless, due to his *pro se* status and the nature of his arguments, the Court conducts a *de novo* review of the entire matter.

Summary judgment is appropriate only when there is no genuine issue with regard to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On a summary judgment motion, the Court views the evidence in the light most favorable to the nonmoving party and draws all inferences and resolves all ambiguities in the nonmovant's favor. *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005). The Court reads a *pro se* party's papers liberally and interprets them to raise the strongest arguments that they suggest. *See McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

Plaintiff bases the objection to the Report and Recommendation (Dkt. No. 75) solely on the alleged untimeliness of defendants' cross motion and opposition to plaintiff's summary judgment motion. There is no merit to this objection.

Plaintiff also moves (Dkt. Nos. 67, 68) to strike the affidavits of Albert Paolano, M.D.,

-2-

and Edmundo Nunez, M.D., submitted by defendants in opposition to plaintiff's motion and in support of their cross motion.  Since this motion was made after the Report and Recommendation was issued, the Court treats it as an objection to the Report and Recommendation.  In any event, however it is characterized, the motion lacks merit.  Plaintiff contends that defendants failed to comply with Fed. R. Civ. P. 26, which requires parties to provide specified initial disclosures, including disclosure of expert testimony, *see* Fed. R. Civ. P. 26(a)(2), and contends that the declarations of Drs. Paolano and Nunez should be stricken for failure to disclose their credentials and qualifications.  Certain proceedings are, however, exempt from initial disclosure requirements, including "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]" Fed. R. Civ. P. 26(a)(1)(B)(iv).  Thus, defendants were not required to comply with the disclosure requirements of Rule 26.  The Court notes also that it is clear from the record (in particular the complaint and attachments) that plaintiff was fully aware of the identities of Drs. Paolano and Nunez and their role in the facility's health care system.  The Court notes also that Magistrate Judge Homer properly declined to consider hearsay statements regarding plaintiff's conduct set forth in misbehavior reports; in any event, the matter asserted in those statements is irrelevant to the issues at hand.

Viewing the evidence and all reasonable inferences most favorably to plaintiff, and taking into account his *pro se* status, the Court agrees with Magistrate Judge Homer that defendants are entitled to summary judgment.  Defendants have established as a matter of law that they were not indifferent to serious medical needs; that plaintiff's claims amount to no more than disagreements as to the nature of his medical care and – in the case of his temporary removal from the therapeutic diet – negligence; and that there is no Eighth Amendment or other constitutional

violation. Plaintiff's submissions fail to raise a material question of fact. The Court has considered all other issues raised herein and finds no basis to deny summary judgment to defendants. Accordingly, defendants are entitled to summary judgment dismissing the action.

Finally, plaintiff's motion for default judgment (Dkt. No. 73), returnable before Magistrate Judge Homer, lacks merit. The motion is denied.

It is therefore

ORDERED that Report and Recommendation (Dkt. No. 64) of United States Magistrate Judge David R. Homer is accepted and adopted; and it is further

ORDERED that plaintiff's motion for partial summary judgment (Dkt. No. 45) is denied; and it is further

ORDERED that defendants' cross motion (Dkt. No. 54) for summary judgment is granted and the action is dismissed in its entirety; and it is further

ORDERED that plaintiff's motion (Dkt. Nos. 67, 68) to strike certain affidavits is denied; and it is further

ORDERED that plaintiff's motion (Dkt. No. 73) for default judgment is denied.

IT IS SO ORDERED.

September 16, 2009
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge